# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, Jr.,

    Petitioner,

v.                                                                                               Case No. 06-C-0114

Richard Scheiter, Warden,
Wisconsin Secure Program Facility,

    Respondent.

# ORDER DISMISSING PETITION
# FOR A WRIT OF HABEAS CORPUS

The petitioner, James A. Smith, who is currently incarcerated at the Wisconsin Secure Detention Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner seeks to proceed in forma pauperis. The petitioner filed a "Petition and Affidavit to Proceed without Prepayment of Fees and Affidavit" and a certified copy of his trust account statement for the six-month period immediately preceding the filing of the petition as required by 28 U.S.C. § 1915.

To authorize a litigant to proceed in forma pauperis, the court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The petitioner's affidavit of indigence indicates that he has $0 in his regular savings account at the Wisconsin Secure Program Facility and $0 in his release account. Based on

the foregoing, this court finds that the petitioner qualifies under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus. Thus, the petitioner meets the first of the two determinations necessary to allow him to proceed in forma pauperis.

As to the second requirement, an action is frivolous for purposes of Section 1915(e)(2), if there is no arguable basis for relief in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

By his petition, the petitioner raises several grounds for relief: 1) he was denied his constitutional right to confrontation and compulsory process to subpoena witnesses; 2) he was denied his constitutional right to a fair trial when he was charged with robbery, but the case was called an armed robbery case which subjected him to double jeopardy; 3) he was denied his constitutional right be informed of the nature and cause of the accusations against him and the court lacked jurisdiction over him; and 4) he was denied his constitutional right to counsel.

The petitioner has filed several previous petitions for a writ of habeas corpus. On May 7, 2004, the petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin, challenging his 1994 armed robbery conviction. United States District Judge John C. Shabaz dismissed the petition without prejudice based on the petitioner's failure to exhaust his state remedies because the petitioner had pending a direct appeal from the same conviction. The petitioner appealed the district court's order. The appeal was dismissed on August 20, 2005, for lack of jurisdiction to review the decision.

On March 9, 2005, the petitioner filed a second petition for a writ of habeas corpus, this time in this district. The petitioner's second petition was dismissed on September 15, 2005, by United States District Judge J.P. Stadtmueller. The court dismissed the petition after granting the respondent's unopposed motion to dismiss based on *res judicata*.

The petitioner filed the present petition on January 25, 2006. By his petition, the petition requests that the court "[t]ake jurisdiction from the Wisconsin Court of Appeals case No. 2004AP1716-CR pursuant to 28 USC § 2254(b)." (Petition for Writ of Habeas Corpus at 12). Section 2254(a) states that "a district court shall entertain a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Upon review of the petition, this court is satisfied that the petitioner is "in custody" pursuant to the conviction he now challenges. However, 28 U.S.C. § 2254(b) further provides: "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . or circumstances exist that render such process ineffective to protect the rights of the applicant."

The petitioner acknowledges that he has not exhausted his state court remedies. He asserts, however, that the court need not dismiss his petition because circumstances exist that render his direct appeal rights ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1)(B)(ii). More specifically, the petitioner asserts that the inordinate delay in state court is rendering his direct appeal rights ineffective. An inordinate delay in the state court system may render a state law remedy "ineffective to protect the rights of the applicant." See Allen v. Duckworth, 6 F.3d 458, 459 (7th Cir. 1993).

3

In this case, the petitioner's appeal was submitted to the Wisconsin Court of Appeals, District 1, on March 23, 2005. Thus, his appeal has been submitted to the court and ready for a decision for less than one year. By letter to the petitioner dated May 25, 2005, the Wisconsin Court of Appeals indicated that it is not unusual to wait six to twelve months for a decision. Thus, at this time, there has not been an inordinate delay in the state court system. Accordingly, no circumstances exist that render his direct appeal rights ineffective. Therefore, the petition includes unexhausted claims and must be dismissed. See Rose v. Lundy, 455 U.S. 509, 510 (1982).

Based on the foregoing, the petitioner has shown that he is unable to pay the costs of commencing this action. However, the petitioner has failed to exhaust his state court remedies. Moreover, no circumstances exist that render his direct appeal rights ineffective. Accordingly, the petitioner's petition for leave to proceed in forma pauperis will be denied.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's request for leave to proceed in forma pauperis be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus be and hereby is **dismissed**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2006.

BY THE COURT:

s/ Rudolph T. Randa
RUDOLPH T. RANDA
Chief United States District Judge